[Civ. No. 12388. Second Appellate District, Division One.—August 31, 1939.]

CITY OF LOS ANGELES (a Municipal Corporation), Petitioner, v. CLARENCE W. PIERCE et al., Respondents.

Ray L. Chesebro, City Attorney, Leon T. David, Assistant City Attorney, and Robert A. McMillan and Robert W. Anderson, Deputies City Attorney, for Petitioner.

J. H. O'Connor, County Counsel, and W. B. McKesson, Deputy County Counsel, for Respondents.

WHITE, J.—This is an original application to this court for a writ of mandate to compel the Board of Education of Los Angeles City, various officers, and the Board of Supervisors of Los Angeles County to pay the sum of approximately $85,000 to the City of Los Angeles as the school board's share of the expense of conducting the municipal elections under dates of April 4 and May 2, 1939.

A determination of the issue here presented is dependent upon a construction of section 2.974 of the California School Code (Stats. 1937, p. 1701), of which section there heretofore has been no judicial interpretation. Said section reads as follows:

"In those cases in which the boundaries of the school district, high school district or junior college district, governed by a city board of education, are not coterminous with the boundaries of the city, and where elections, either primary, general or recall, of members of the board of education are by the provisions of the laws governing such cities held on the same day as municipal elections, general or special, a proportionate part of the actual cost and expense of such election shall be a legal charge against the school districts governed by such board of education and the city shall be reimbursed for such proportionate cost and expense incurred in the conduct of such election. The cost and expense of such elections within the boundaries of the city shall be apportioned between the city and the districts therein in the ratio that the total number of offices to be filled and propositions to be voted upon by the electors of the city and the school district or districts, respectively, bears to the total number of such offices to be filled and propositions submitted. The cost and expense of such election in territory outside of the municipal boundaries shall be borne by the districts affected. As between such districts such costs and

expense shall be apportioned as follows: In territory common to two or more districts the cost of conducting the election therein shall be borne in equal shares, and in territory within a single district the cost shall be borne by such district.''

It is conceded that the City of Los Angeles conducted the aforesaid elections for the school district, advancing the city's funds and utilizing its facilities for such purpose. Petitioner, City of Los Angeles, claims to be entitled to reimbursement in the sum of $85,087.90. Respondents, while admitting they·owe the sum of $9,052.76, for the election costs in precincts of the school district outside the city limits, contend that as to the balance, representing the cost inside the city limits, the sum due therefor is only '$48,882.49.

The sum in controversy, the mathematical computations of which are concededly correct, are as follows:

| | City's Computation | Respondents' Computation |
|---|---|---|
| Los Angeles City School District (Elementary) | $27,606.80 | $18,555.91 |
| Los Angeles City High School District. | 28,079.20 | 19,028.31 |
| Los Angeles City Junior College District | 29,401.90 | 20,351.03 |
| | $85,087.90 | $57,935.25 |

Therefore, the sole issue presented by the controversy involves an interpretation of the following language in section 2.974 of the School Code: ''The cost and expense of such elections within the boundaries of the city shall be apportioned between the city and the districts therein in the ratio that the total number of offices to be filled and propositions to be voted upon by the electors of the city and the school district or districts, respectively, bears to the total number of such offices to be filled and propositions submitted.''

The main controversy here centers around the fact that at both the involved elections the total number of councilmanic offices filled throughout the city was fifteen, with one additional councilmanic unexpired term to be filled at the primary election of April 4th. Section 6 (2a) of the Los Angeles city charter provides for the division of the city into fifteen councilmanic districts. The city contends that the election of one councilman in each of the fifteen districts is only equivalent to the election of one councilman at large

by "the electors of the city"; adding in the case of the primary election a proportionate one-fifteenth representing the selection of a short term candidate in one councilmanic district. In presenting this argument petitioner urges that "the electors of the city" do not vote for any single councilmanic office, but on the contrary, only a portion of the electors (those voting in a designated councilmanic district) vote only for any one councilmanic office. Respondents contend that the School Code section apportions the election cost between the city and the school district in the ratio that "the total number of offices" to be voted upon by "the electors of the city", and not by each elector, bears to the total number of offices to be filled in the school district.

A careful reading and consideration of the questioned School Code section impels us to the belief that neither the reasoning nor the conclusion contended for by petitioner can be sustained. In clear and unequivocal language the section provides that the basis for the computation of election costs is to be "the total number of offices to be filled", etc., by "the electors of the city". It is at once apparent that "the electors of the city" voted for fifteen councilmanic offices at both elections and a short term councilmanic office at the primary election. The fact that each elector of the city was entitled to vote for but one councilman does not alter the situation, because the basis for comparison is by the statute made the total number of offices that the city electors are called upon to fill; and the electors as a whole were called upon to and did fill fifteen full and one short term councilmanic offices. They are no less "electors of the city" because they elect councilmen by councilmanic districts.

From the foregoing it follows that the city is entitled to payment upon the basis hereinbefore set out as contended for by respondents, and the writ of mandate sought by the city should be denied.

It is so ordered.

York, P. J., and Doran, J., concurred.